GARRISON, Judge.
The defendant, Darryl Patterson, was charged by bill of information with aggravated burglary, a violation of LSA-R.S. 14:60. A jury found the defendant guilty as charged. The defendant was originally sentenced to eighteen years at hard labor but this sentence was vacated when the trial court found the defendant guilty of the multiple bill filed by the State. He was then resentenced as a multiple offender to twenty years at hard labor. Defendant appeals his conviction and sentence.
On September 22, 1985 at approximately 2:45 a.m., Officers Henry Gueringer and Dwayne Sherman of the New Orleans Police Department responded to an aggravated burglary call at 325 Marais Street in the Iberville Housing Project. Upon their arrival, Vanessia Harris, an occupant of this address, informed the officers that a man had broken into her home, armed himself with a kitchen knife once inside and told her that he was going to rape her. Ms. Harris tried to escape and was cut on the arm with the knife by the intruder. *787 She was successful in escaping through a window and running to a neighbor’s home for help. She then summoned the police and gave a description of her assailant to the police dispatcher. As another officer, Sergeant Dale Barnett, was on his way to respond to this call, he observed a subject on Rampart Street matching the description given by Harris of her assailant. Sergeant Barnett stopped this man and transported him to the Harris residence where he was identified by Harris as the perpetrator of this crime. The defendant was then placed under arrest and later charged with aggravated burglary.
On appeal, the defendant argues that the trial court was without jurisdiction to entertain the multiple bill filed against him by the State. Specifically, he argues that his order for appeal was granted on January 24, 1986 and, therefore, the trial court was without jurisdiction in resentencing him as a multiple offender on April 23, 1986. LSA-C.Cr.P. art. 916. However, although the way in which this appeal order was handled by the trial judge is confusing, and could, at first glance, lead to the conclusion drawn by the defendant, the minute entries indicate that the order of appeal was filed on January 24, 1986 but was not signed until April 23, 1986, the same day of the resentencing of the defendant as a multiple offender. Furthermore, because the return date was set for June 9, 1986, the appeal order could not have been entered on January 24, 1986 because the trial court cannot set a return date for longer than sixty days and can only grant one thirty day extension. LSA-C.Cr.P. art. 919. Therefore, because the record indicates that the appeal order was not entered until April 23,1986, the trial court still had jurisdiction on that date to resentence the defendant as a multiple offender.
For the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.